George A. Croft v. Commissioner.
Croft v. Commissioner
Docket No. 1432.
United States Tax Court
1944 Tax Ct. Memo LEXIS 83; 3 T.C.M. (CCH) 1064; T.C.M. (RIA) 44330; October 11, 1944
*83 Thomas L. Brown, Esq., for the petitioner. James J. Waters, Esq., for the respondent. ARNOLD Memorandum Findings of Fact and Opinion ARNOLD, Judge: The respondent determined a deficiency in income tax for 1941 in the amount of $2,769.79 upon the theory that petitioner operated the business as a sole proprietorship. Petitioner challenges this determination and alleges that his wife owned a one-half interest in the manufacturing and farming business in question. Findings of Fact Petitioner and his wife, Esther Lena Croft, were married in 1915. During the taxable year they were living together as husband and wife in Kansas City, Missouri. Petitioner's income tax return for 1941 was filed with the collector of internal revenue for the sixth district of Missouri. Prior and subsequent to his marriage petitioner engaged in farming. He was one of 12 children who assisted their father in the operation of a large farm or ranch near Hastings, Nebraska. All of the children had the same bank account and each was entitled to write a check thereon. The wives of the boys who married, including petitioner's wife, had the same privilege of drawing on the joint account. When they were married petitioner *84 and his wife agreed that they would be "partners all the way through". She worked as a farm hand and did everything on the farm that he did, operated the various farm machines, milked the cows, and fed the pigs. They resided with his parents for three years, and thereafter lived across the road in a house built on the farm. Five or six years after petitioner's marriage his father divided the farm among his children. Petitioner and his wife received 160 acres of land subject to their pro rata part of an existing mortgage. Petitioner and his wife jointly executed the note and the mortgage which secured the note. Payments on the note were made from their joint funds. Soon after the farm was divided petitioner, who had a patent on a few items, began selling them at a time when he and his wife were not harvesting or sowing grain. Petitioner's wife accompanied him most of the time except when the children had to be in school. At Jackson, Miss., petitioner was selling and his wife worked in an overall factory. At Mercedes, Texas, where petitioner was working on a contract, his wife worked for the telephone company. Their earnings were deposited in the same bank account. In 1932 petitioner *85 moved to Kansas City where he engaged in selling trailer equipment. His wife bought out a rooming house, the lower part of which was occupied by the family, and the upstairs was rented. Petitioner's wife took a bookkeeping course in a Kansas City business school and late in 1932 she took over the book work of the business and has since continued to keep the books. The business office was maintained at the residence while the manufacture of trailers and trailer equipment was jobbed out. In 1937 or 1938 petitioner and his wife invested $1,500 of their joint funds in the business and began the manufacture of trailers and trailer equipment at the present location under the trade name of Croft Trailer Hitch Company. The office was then transferred from the residence to the plant where it has since remained. When petitioner was out of the city his wife operated the entire business. When petitioner was home he managed the factory, which employed five men, and she looked after the office. She also sold and rented trailers to customers. He depended upon her for all information pertaining to collections, sales, credits and the operation of the office. Petitioner and his wife exercised equal *86 authority and devoted their entire time to the manufacturing business. Neither of them drew a salary but each withdrew funds, as needed, from the bank account maintained in petitioner's name. The wife never had a separate bank account; she drew checks against the account by signing "Mrs. George A. Croft" under his name. Neither petitioner nor his wife were under social security. In 1939 petitioner and his wife opened branch offices of the Croft Trailer Hitch Company in Denver, Colorado, and Boise, Idaho. Each branch office was opened with a $1,000 investment consisting mainly of equipment from the Kansas City factory. The manager of each branch office was given 50 percent of his profits after operating expenses. At some time, undisclosed by the record, the 160 acre farm near Hastings, Nebraska, was taken over by the U.S. Navy. Petitioner and his wife bought another farm of almost a halfsection nearby, which they sow in wheat or small grain in the fall and harvest in the summer. One man from the shop is taken up to Nebraska to work on the farm. The income from the Croft Trailer Hitch Company was never divided by petitioner and his wife. All returns were prepared by an accountant. *87 Petitioner's individual income tax return for 1939 showed a net loss of $3,495.98 from the business and for 1940 a net taxable income from the business of $8,510.17. The accountant prepared an individual return for the business for 1941 which was not filed. A partnership return was prepared and filed for 1941 which showed a net taxable income from the business of $19,668.43. Petitioner's wife filed her first income tax return in 1941 and reported thereon one-half of the partnership income. The deficiency notice herein was mailed on or about January 26, 1943. Subsequent thereto a friendly suit was instituted in the state courts wherein it was adjudged that petitioner and his wife were partners. The judgment of court was entered June 22, 1943. Thereafter, and on June 30, 1943, petitioner filed an amended petition with this Court setting up the decree of the state court. Petitioner and his wife were equal partners in the Croft Trailer Hitch Company and in their farming operations. Opinion Respondent concedes that the laws of Missouri recognize a business partnership between husband and wife, but he denies that the evidence herein proves the existence of a partnership. He contends *88 that petitioner and his wife considered themselves partners because of the obligations under their marital vows and not because of any specific agreement to be partners in business enterprises. We have found as a fact that petitioner and his wife were partners. Our finding is based upon the oral agreement of the parties at the time of their marriage that they "would be partners all the way through", and upon their subsequent acts and conduct. While the husband and wife testified to the conclusion that a partnership existed rather than to the substance and terms of a partnership agreement, we are of the opinion, considering the manner in which the business was conducted, the conduct of the parties and all facts and circumstances, the record supports their testimony that they agreed to be and were partners in a business as well as marital sense. The history of their joint efforts from 1915 through the taxable year squares with the partnership concept. They worked together doing manual labor on the farm and pooled their resources. While petitioner was on the road selling, the wife was gainfully employed and cared for the children. As soon as petitioner established a place of business, *89 she took a business course and managed the office and kept the books. When their business required or permitted them to manufacture the trailers and trailer parts, her money and his provided the necessary capital. Thereafter she gave her time and attention to the business and risked her capital in the enterprise to the same extent that petitioner did. We are satisfied that petitioner and his wife joined together to carry on a trade or adventure for their common benefit, that each contributed property and services, and that they had a community of interest in the profits. . The several points urged by respondent to be fatal to the existence of the partnership have been considered and held indecisive in ; ; ; and cases cited therein. , on appeal CCA-6, , on appeal CCA-6; , *90 on appeal CCA-3; , on appeal CCA-3; , and other cases cited by respondent, are in our opinion distinguishable. No useful purpose would be served by reviewing these authorities in view of our finding on the present facts that a partnership existed between petitioner and his wife during the taxable year. In so deciding the judgment of the state court has been considered as a factor to be weighed along with the other facts, but such adjudication was not deemed to be conclusive. , on appeal CCA-8, and cases there cited. Decision will be entered for the petitioner.